IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | Crim. No. 4:05-cr-00471-TLW-1 |
|---|---|
| v. | **Order** |
| Kenyatta Dearron Smith | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018 (FSA), passed by Congress and signed into law by the President on December 21, 2018. This law contains sentencing provisions that apply retroactively to certain previously-sentenced defendants. His motion says that he is eligible for resentencing, ECF No. 184, and the Government agrees, ECF No. 186. After careful review, the Court concludes that he is eligible for relief under the FSA and grants his motion.

Defendant was charged with and pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851 (Count 1) and Possession of a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) (Count 2). After the Government withdrew at sentencing one of two § 851 enhancements, his Guidelines range was 240 months pursuant to the statutory mandatory minimum sentence on Count 1 and 60 months consecutive on Count 2, also pursuant the statutory mandatory minimum sentence. *See* PSR ¶ 66. Absent the mandatory minimum, his Guidelines range on Count 1 would have been 97–121 months based on a Total Offense Level 29 and Criminal

1

History Category II. PSR ¶ 66. As required by statute, the Court imposed a 300-month sentence, consisting of 240 months on Count 1 and 60 months consecutive on Count 2, followed by a 10-year term of supervised release on Count 1, which was also dictated by statute, and a concurrent 5-year term of supervised release on Count 2. ECF No. 106.

Pursuant to the FSA and as referenced in the Sentence Reduction Report (SRR) prepared by the U.S. Probation Office, the mandatory minimum applicable to Count 1 has been reduced to 120 months, which also becomes the new Guidelines range for that count.[1] Additionally, his supervised release term for Count 1 has been reduced to 8 years.[2] The First Step Act has no impact on his § 924(c) conviction, so the same statutory penalties for that conviction remain in place.

In Defendant's motion, he asks the Court to reduce his sentence on Count 1 to the mandatory minimum. In the Government's written response to his motion, it agrees that a reduction is appropriate. However, the Government asserts that the Court should not reduce his sentence below a sentence of time served and asks that any reduction not take effect until ten days after the Court's order in order to allow the BOP to transition him. After careful consideration of the Government's requests,

---

[1] Absent the mandatory minimum, his Guidelines range for Count 1 would be 41–51 months based on a Total Offense Level 21 and Criminal History Category II.

[2] The initial SRR and the parties' filings say that the new term of supervised release on Count 1 is 4 years, but that is incorrect. In light of the retroactive application of the Fair Sentencing Act and the Government's withdrawal at sentencing of one of two § 851 enhancements, his new supervised release term is at least 8 years. *See* 21 U.S.C. § 841(b)(1)(B). Probation has since issued a revised SRR reflecting that correction.

the record in this case, and the § 3553(a) factors, the Court concludes that the Government's requests are appropriate and the Court will incorporate them into this order. *See, e.g.*, *United States v. Clarke*, No. 3:04-cr-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) (declining to reduce the defendant's sentence below time served and staying the effective date of the order); *United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3–4 (W.D. Va. Feb. 22, 2019) (declining to reduce the defendant's sentence below time served).

Pursuant to the FSA, for the reasons set forth in the motion and SRR, and in light of the Government's consent, Defendant's motion, ECF No. 184, is **GRANTED**. Defendant is now sentenced to consecutive terms of imprisonment of 120 months on Count 1 and 60 months on Count 2, for a total sentence of 180 months, or time served, whichever is greater.[3] Upon his release from incarceration, he must serve concurrent supervised release terms of 8 years on Count 1 and 5 years on Count 2. An amended judgment will follow. This order is not effective until the tenth day following its issuance.

---

[3] Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), to the extent that a sentence of time served constitutes an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See, e.g.*, *Laguerre*, 2019 WL 861417, at *3–4 ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment. . . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

ORDER DATE: April 4, 2019
EFFECTIVE DATE: April 14, 2019
Columbia, South Carolina